IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DANIEL LEMONS, #53313-074, | ) | |
|     Plaintiff, | ) | |
| vs. | ) | No. 3:22-CV-1824-B-BH |
| | ) | |
| FNU MOQUIN, et al., | ) | |
|     Defendants. | ) | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

Based on the relevant filings and applicable law, the plaintiff's claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**I.  BACKGROUND**

Daniel Lemons (Plaintiff), a federal prisoner formerly incarcerated in the Federal Correctional Institution in Seagoville, Texas (FCI-Seagoville), sues its warden, several medical staff members, all the kitchen staff, and a guard, in their official capacities only, for negligence. (docs. 3 at 3; 10 at 1-7, 10; 17 at 3.)[2] He also appears to sue the Bureau of Prisons (BOP). (doc. 3 at 1, 5.) He claims that upon his arrival at the facility in May 2022, the medical and kitchen staff, the warden, and the assistant wardens were notified of his severe food allergies, and that he should have received special diet trays. (docs. 3 at 4; 10 at 11.) Because he failed to receive special diet trays, in July 2022, he experienced a severe allergic reaction after eating food that contained onions. (docs. 3 at 5; 10 at 11.) He immediately notified an officer and medical staff members, but they just said to let them know if anything happened and disregarded his "emergency of [his] progressing allergic reaction." (*Id.*; doc. 10 at 2, 8-9.) After about 15 minutes, he was finally brought a shot of Benadryl

---

[1] By *Special Order No. 3-251*, this *pro se* case has been automatically referred for full case management.

[2] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

to counter his reaction. (docs. 3 at 5; 10 at 1, 8, 10.) Even after his reaction, he was still not provided a special diet, and he had another allergic reaction to onions in October 2022. (docs. 3 at 4; 10 at 4; 11 at 1-2.)

Plaintiff seeks monetary damages and a prison transfer. (docs. 3 at 5; 10 at 2-5, 7, 12; 17 at 3.) No process has been issued.

## II. PRELIMINARY SCREENING

Plaintiff is a federal inmate who has been permitted to proceed *in forma pauperis*. As a prisoner seeking redress from an officer or employee of a governmental entity, his complaint is subject to preliminary screening pursuant to 28 U.S.C. § 1915A. *See Martin v. Scott*, 156 F.3d 578, 579-80 (5th Cir. 1998) (per curiam). Because he is proceeding *in forma pauperis*, his complaint is also subject to screening under § 1915(e)(2). Both § 1915(e)(2)(B) and § 1915A(b) provide for *sua sponte* dismissal of the complaint, or any portion thereof, if the court finds it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief.

A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Courts follow the same analysis in determining whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) as when ruling on a motion to dismiss under Rule 12(b)(6). *See Hale v. King*, 642 F.3d 492, 497 (5th Cir. 2011) (per curiam). A complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Neither mere "labels and conclusions" nor "a formulaic recitation of the elements of a cause of action" suffice to state a claim upon which relief may be granted. *Id.*

### III. SOVEREIGN IMMUNITY

Plaintiff sues BOP and the individual defendants in their official capacities only. (*See* doc. 10 at 1-7.)[3] Official capacity suits against federal employees are treated as suits against the United States. *See Ischy v. Miles*, 75 F. App'x 257, 258 (5th Cir. 2003) (citing *Kentucky v. Graham*, 473 U.S. 159, 166 (1985)). Lawsuits against the United States are generally barred by sovereign immunity. *Id.* (citing *Affiliated Prof'l Home Health Care Agency v. Shalala*, 164 F.3d 282, 286 (5th Cir. 1999)). "The basic rule of federal sovereign immunity is that the United States cannot be sued at all without the consent of Congress." *Block v. N.D. ex rel. Bd. of Univ. & Sch. Lands*, 461 U.S. 273, 287 (1983). "Absent a waiver, sovereign immunity shields the Federal Government and its agencies from suit." *FDIC v. Meyer*, 510 U.S. 471, 475 (1994). Because federal sovereign immunity is jurisdictional in nature, the consent or waiver must be unequivocally expressed. *Freeman v. United States*, 556 F.3d 326, 335 (5th Cir. 2009). The terms of the consent or waiver define the jurisdictional boundaries to entertain the suit. *Meyer*, 510 U.S. at 475. In general, the scope of a waiver of sovereign immunity is strictly construed "in favor of the sovereign." *Gomez-Perez v. Potter*, 553 U.S. 474, 491 (2008). Plaintiff has the burden to show an "unequivocal waiver of sovereign immunity." *St. Tammany Parish ex rel. Davis v. FEMA*, 556 F.3d 307, 315 (5th Cir. 2009).

Congress has waived the United States' sovereign immunity for claims arising from torts committed by federal employees through the Federal Tort Claims Act (FTCA). *See* 28 U.S.C. §§ 1346(b)(1), 2671-2680; *Ali v. Fed. Bureau of Prisons*, 552 U.S. 214, 217-18 (2008). Plaintiff has expressly stated that he is not suing under the FTCA, however, and that he does not want to amend

---

[3] Plaintiff's responses to the magistrate judge questionnaire are an amendment to his pleadings. *See Macias v. Raul A. (Unknown), Badge No. 153*, 23 F.3d 94, 97 (5th Cir. 1994).

his complaint to sue the United States under the FTCA. (*See* doc. 17 at 1-2.) He has therefore not identified any waiver to sovereign immunity. Because he failed to show unequivocal waiver of the United States' sovereign immunity for his claims for monetary damages, these claims against BOP and the individual defendants in their official capacities should be dismissed without prejudice based on sovereign immunity. *See, e.g., Pinson v. Fed. Bureau of Prisons*, 647 F. App'x 375, 375-76 (5th Cir. 2016) (per curiam) ("The district court correctly determined that the BOP was entitled to sovereign immunity."); *Carvajal v. United States*, No. 3:20-CV-567-S-BK, 2021 WL 2814883, at *2 (N.D. Tex. May 11, 2021), *adopted by* 2021 WL 2808966, 2021 WL 2808966 (N.D. Tex. July 6, 2021) (citation omitted) ("Likewise, [the plaintiff's] official capacity claims against Morris are barred by sovereign immunity because Morris' actions in his official capacity are considered those of his federal agency employer (the U.S. probation office).") (citing *Kentucky*, 473 U.S. at 165-67).[4]

## IV.  PRISON TRANSFER

In addition to monetary relief, Plaintiff requests to be transferred from FCI-Seagoville to a different correctional facility. (*See* doc. 10 at 7.) He has not been housed in that facility since May 2023, however. (*See* doc. 18.) "The Fifth Circuit and district courts in Texas have repeatedly held that transfer to another prison renders moot any claim for declaratory or injunctive relief sought related to penitentiary-specific remedies." *Kennemer v. Denton Cnty.*, No. 4:20-CV-00080-RAS-CAN, 2023 WL 2584924, at *8 (E.D. Tex. Mar. 1, 2023), *adopted by* 2023 WL 2574569 (E.D. Tex. Mar. 20, 2023) (citing cases); *see Biliski v. Harborth*, 55 F.3d 160, 162 (5th Cir. 1995) (finding prisoner's requested transfer to a different prison was moot because he had received the transfer);

---

[4] Even if Plaintiff's claims are liberally construed as arising under the FTCA, jurisdiction would still be lacking because he has not alleged that he exhausted his administrative remedies before filing suit. *See McAfee v. 5th Circuit Judges*, 884 F.2d 221, 222-23 (5th Cir. 1989) (per curiam) (exhaustion of administrative remedies is a jurisdictional prerequisite to suit under the FTCA, and absent compliance with this requirement, district courts are without jurisdiction).

4

*White v. Epps*, 191 F. App'x 336, 337 (5th Cir. 2006) (same). Because Plaintiff is no longer incarcerated in FCI-Seagoville, his claim for a transfer from that facility is moot. *See Flaming v. Alvin Community College*, 777 F. App'x 771, 772 (5th Cir. 2019) (holding that claim was properly dismissed as moot "where the cause of action is no longer live") (quoting *Henschen v. City of Houston*, 959 F.2d 584, 587 (5th Cir. 1992)); *see, e.g., Hamer v. Cent. Off. Admin. Remedy*, No. 4:19-CV-115-O, 2021 WL 389789, at *3 (N.D. Tex. Feb. 4, 2021) (dismissing claim for a prison transfer because it was rendered moot by prisoner's release from confinement).

## V.  LEAVE TO AMEND

The Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Brynes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs an opportunity to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2.

Leave to amend is not necessary, however, where the plaintiff has already plead his best case. *See Wiggins v. La. State Univ.—Health Care Servs. Div.*, 710 F. App'x 625, 627 (5th Cir. 2017) (citations omitted). Here, Plaintiff responded to two detailed questionnaires and therefore has been able to plead his best case. His claims lack merit. Further leave to amend is neither necessary nor warranted. *See, e.g., Duke v. Dallas Cty.*, No. 3:20-CV-117-G (BH), 2021 WL 3525106, at *3 (N.D. Tex. June 25, 2021), *adopted by* 2021 WL 3204565 (N.D. Tex. July 29, 2021).

## VI. RECOMMENDATION

Plaintiff's claims should be **DISMISSED without prejudice** for lack of subject matter jurisdiction.

**SIGNED on this 26th day of October, 2023.**

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

*[signature]*
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE